ATLANTIC SAFE DEPOSIT AND TRUST COMPANY, EXECU-
TOR, RESPONDENT, v. ELEANOR H. JORDAN, APPEL-
LANT.

Argued June 16, 1920—Decided November 15, 1920.

On motion of plaintiff the court struck out part of an answer by the
defendant to a question of her own counsel who then asked her
to explain her testimony. The court excluded the explanation.
*Held*, that it was error to exclude part of an answer and then
exclude any explanation of what was left.

On appeal from the Atlantic County Circuit Court.

For the respondent, *George A. Bourgeois.*

For the appellant, *Clarence L. Cole* (*William M. Clevenger*
with him).

The opinion of the court was delivered by

SWAYZE, J. This is an action of replevin brought by the
executor of Alfred M. Jordan against his widow to recover
certain negotiable securities claimed by her as a gift from her
husband. She was called as a witness in her own behalf and
testified that she had gone to a box in the vault of the At-
lantic Sewerage Company, taken bonds out of an envelope on
which her husband had written before their marriage "Prop-
erty of Miss E. W. Hodges" (her maiden name), and after
their marriage her married name, "Elinor H. Jordan," and
had erased the words "Miss E. W. Hodges." The defendant
cut the coupons and took them away. She was then asked
what she did with the coupons and answered, "I gave them to
Mr. Jordan. He needed the money." Whereupon, on motion
of plaintiff's counsel, the court ordered stricken out the
words "He needed the money." Counsel for the defendant
then asked her, "Why did you give the coupons to Mr. Jor-
ran?" On objection of plaintiff this was excluded, seemingly

on the ground that it was asking for a transaction with the deceased. If it was, it was the same transaction of which the plaintiff was taking advantage when he had only a part of her answer to the preceding question left in the record, and that part, the part which related to the transaction itself. The situation is therefore that the court allowed the plaintiff to avail itself of the testimony as to the transaction, but excluded the explanation. Standing by itself, the testimony that she gave the coupons to her husband was ambiguous. It might mean that it was a donation on her part, or it might mean that it was a delivery to the husband as already the rightful owner. Such acts are susceptible of explanation (*Luse* v. *Jones,* 39 *N. J. L.* 707, 711; *Frome* v. *Dennis,* 45 *Id.* 515, 520), but cannot be explained by verbal statements not contemporaneous with the acts. *Veader* v. *Veader,* 89 *Id.* 399. It was error to exclude the question "Why did you give the coupons to Mr. Jordan?" The answer might or might not be admissible. The error was serious, for the defendant had acquiesced in the ruling which made the answer to the preceding question a garbled answer, no doubt because he relied on his ability to do away with the effect of that error by pursuing a different line of inquiry. To add force to the error the judge referred in his charge to the garbled testimony. If it was inadmissible, all of it should have been stricken out. If admissible, none should have been stricken out. The effect of the ruling was to give the plaintiff the benefit of what helped it and deprive the defendant of the benefit of what helped her. For this error the judgment must be reversed, to the end that there may be a *venire de novo.*

*For affirmance*—None.

